UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM JAMES GILDER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BERNARD FREEMAN, <u>et al</u>., )<br>)<br>Defendants. ) | CIVIL NO. 2:07cv376 |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendants Bernard Freeman, Warden of the Lake County Jail ("Freeman") and Roy Dominguez, Sheriff of Lake County ("Dominguez"), on July 23, 2008. The plaintiff, William James Gilder ("Gilder"), proceeding pro se, filed a response on August 20, 2008, to which the defendants replied on September 29, 2008.

Also before the court is a motion for summary judgment filed by Gilder on October 8, 2008, to which the defendants responded on November 25, 2008. Gilder has not filed a reply[1].

For the following reasons, the defendants' motion for summary judgment will be granted and Gilder's motion for summary judgment will be denied.

Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

---

[1] Gilder filed an affidavit on the same date that the defendants filed their response, November 25, 2008. The court has considered this affidavit.

R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." Id. In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings

2

alone is not sufficient to withstand summary judgment. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. Id. The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the

material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities Corp., 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Id. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

## Discussion

On October 25, 2007, Gilder filed a pro se prisoner's complaint under 42 U.S.C. § 1983 alleging his constitutional rights were violated when he was allegedly exposed to and contracted a staph infection while incarcerated as a pretrial detainee in the Lake County Jail. In their motion for summary judgment, the defendants contend that they are entitled to summary judgment as a matter of law because Gilder filed his § 1983 action before exhausting administrative remedies, as required by 42 U.S.C. § 1997e.

The inmate grievance procedures in effect during the relevant time period provide that if a complaint is not resolved after an informal discussion with the officer assigned to the inmate's area, the inmate must complete a formal grievance form within seventy-two hours from the time of the alleged grievance. If still dissatisfied after receiving an answer from the Deputy Warden, the inmate may appeal to the Warden. If still dissatisfied after receiving an answer from the Warden, the inmate may appeal to the Sheriff, who will then issue a final decision.

4

The defendants point out that Gilder filed eleven grievances with the Deputy Warden's Office from October 18, 2007 through May 29, 2008. However, Gilder never appealed any of his grievances to either the Warden or the Sheriff. Gilder filed his original pro se prisoner's complaint on October 25, 2007, then filed a formal grievance concerning his fears of exposure to MRSA or staph on October 31, 2007, six days after filing his complaint.

The defendants contend that because Gilder failed to completely exhaust his available administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, they are entitled to summary judgment.

The PLRA contains a comprehensive exhaustion requirement before a prisoner can proceed with a § 1983 claim. This is intended to reduce the quantity of prisoner lawsuits, Woodford v. Ngo, 548 U.S. 81, 84 (2006), and improve the quality of suits that are filed by inmates. Jones v. Bock, 549 U.S. 199 (2007). The PLRA explicitly requires a prisoner to take advantage of all available grievance procedures before filing a § 1983 claim concerning the conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002); Dixon v. Page, 291 F.3d 485, 490 (7th Cir. 2002)(prisoner who has not appealed the dismissal of a grievance has not exhausted his administrative remedies for purposes of § 1997e(a)).

The United States Supreme Court has stressed the importance of the PLRA exhaustion requirements in Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 938, 152 L.Ed.2d 12 (2002). The intent of Congress in enacting section 1997e(a) was "to reduce the quantity and improve the quality of prisoner suits," and "improve prison administration and satisfy the inmate, thereby

5

obviating the need for litigation." Id., 534 U.S. at 524-5, 122 S.Ct. at 988. The dominant focus of the PLRA is "to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court . . ." Id., 534 U.S. at 528, 122 S.Ct. at 990. To exhaust remedies under the PLRA, an inmate must fully comply with the grievance system and procedural rules. Woodford, 548 U.S. at 95. This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. The PLRA's administrative exhaustion requirement requires dismissal of a suit when available administrative remedies have not been exhausted. Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). Failure to exhaust is an affirmative defense, and the burden of proof is on the moving party. Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 126 S.Ct. 2378, 2385 (2006); Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004) ("Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies."). Id.
It is also well settled under the PLRA that exhaustion requires a prisoner to appeal the denial of a grievance. In Dixon v. Page, 291 F.3d 485, 490 (7th Cir. 2002), defendants prevailed where a prisoner failed to appeal his grievance after it was denied. Accord, Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002); Burrell v. Powers, 431 F.3d 282, 285 (7th Cir. 2005).

    Gilder, in his pro se response, claims that his failure to exhaust his remedies was caused

by the defendants' failure to provide him with a copy of the Lake County Jail Inmate Handbook. Gilder denies receiving a copy of the Jail Handbook until the defendants filed their motion for summary judgment. However, it remains clear that Gilder knew how to file formal grievances and, in fact, admitted in his amended complaint that the Lake County Jail has a "grievance procedure".

As Gilder has not come forward with any evidence tending to show that he complied with the grievance procedure summary judgment must be granted in favor of the defendants. Gilder's statement that he did not receive a Jail Handbook prior to this lawsuit is conclusory and self-serving allegation that is not sufficient to create a genuine issue of material fact. Stagman v. Ryan, 176 F.3d 986, 994 (7th cir. 1999). Even accepting Gilder's statement as true (which the court is not obliged to do) it is uncontested that Gilder was aware of the grievance procedure at the Jail. Accordingly, summary judgment will be granted in favor of the defendants.

The court will now turn to Gilder's motion for summary judgment. A review of the motion reveals that all of the complaints in the motion concern matters occurring after the filing of Gilder's original complaint and amended complaint. As the defendants point out, Gilder has failed to amend his complaint to include the matters which are the subject of his motion, i.e., grievances filed by Gilder on August 6, 2008 and September 20, 2008. Thus, the matters are not appropriate for summary judgment. Shanahan v. City of Chicago, 82 f.3d 776, 781 (7th Cir. 1996). Accordingly, Gilder's motion for summary judgment will be denied.

## Conclusion

On the basis of the foregoing, the defendants' motion for summary judgment [DE 38] is hereby GRANTED. Further, Gilder's motion for summary judgment [DE 45] is hereby DENIED.

Entered: January 30, 2009.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court